UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD RAMOS, et al.,

Plaintiffs,

v.

DCI DONOR SERVICES, INC.,

Defendants.

No. 2:25-cv-01997-DC-JDP

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

(Doc. No. 10)

This matter is before the court on Plaintiffs' motion to remand this case to the Yolo County Superior Court. (Doc. No. 10.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 14.) For the reasons explained below, the court will deny Plaintiffs' motion to remand.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051,

1

1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at \*2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

Here, Defendants timely filed a notice of removal stating both federal question and diversity jurisdiction as the grounds for removal of the employment and wage-and-hour action. (Doc. No. 1 at 2.) Importantly, in addition to the state law claims brought by Plaintiffs in this action, Plaintiffs assert a federal claim against all Defendants for violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.*, ("FMLA"), making jurisdiction proper under 28 U.S.C. § 1331 (federal question jurisdiction).

Nevertheless, on August 18, 2025, Plaintiffs filed the pending motion to remand. (Doc. No. 10.) Defendants filed an opposition brief on August 29, 2025. (Doc. No. 12.) Notably, Plaintiffs did not file a reply brief, and consequently did not rebut Defendants' arguments in support of this court having subject matter jurisdiction over this action.

In their motion to remand, Plaintiffs briefly argue without any citation to authority that "the presence of one federal claim does not convert the entire case into a federal case when state-

/////

2

/////

law claims predominate."[1] (Doc. No. 10 at 6–7.) As Defendants emphasize in their opposition, Plaintiffs' argument is unavailing because "[f]ederal question jurisdiction exists where a plaintiff states a cause of action created by federal law." *Solomon v. J.B. Hunt Logistics, Inc.*, No. 14-cv-02201-RGK-SP, 2015 WL 13916283, at *2 (C.D. Cal. Jan. 28, 2015) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 308 (2005)) (denying motion to remand because "[i]t is evident from the face of Plaintiff's well-pleaded Complaint that Plaintiff has stated a claim for violation of the FMLA"). Because Plaintiff brings a claim under the FMLA—a federal law—Defendants' removal of this action to this federal court was proper.

Accordingly, Plaintiffs' motion to remand (Doc. No. 10) is DENIED.

IT IS SO ORDERED.

Dated:   **January 13, 2026**                                    _____

Dena Coggins
United States District Judge

---

[1] Plaintiffs also challenge Defendants' assertion of diversity jurisdiction. (Doc. No. 10 at 7–9.) Because the court finds it has federal jurisdiction here, the court need not address the parties' arguments with regard to diversity jurisdiction.

3